Original

AO 241 (Rev. 09/17)

RECEIVED

MAY 22 2026

EDNY PRO SE OFFICE

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 22 2026 ★

LONG ISLAND OFFICE

### PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Eastern District of New York |
|---|---|

| Name (under which you were convicted): Andrew Denton | Docket or Case No.: **26-cv-03142** |
|---|---|

| Place of Confinement: Nassau County Sheriff's Dept. Div. of Corrections; 100 Carman Ave., E. Meadow, N.Y. 11554 | Prisoner No.: 2023002588 |
|---|---|

| Petitioner (include the name under which you were convicted) ANDREW DENTON Andrew Denton Andrew R. Denton | v. | Respondent (authorized person having custody of petitioner) Anthony Larocco; NYSDOCCS (Pending) |
|---|---|---|

| The Attorney General of the State of: New York | |
|---|---|

**Bulsara, D.J.**

### PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   SUPREME COURT OF THE STATE OF NEW YORK COUNTY OF NASSAU

REC'D IN PRO SE OFFICE MAY 22 26 PM 12:53

   (b) Criminal docket or case number (if you know): 72743-23/001

2. (a) Date of the judgment of conviction (if you know): October 29th, 2025

   (b) Date of sentencing: February 10th, 2026

3. Length of sentence: 15 years (Top charge), 5 years Post Supervision

4. In this case, were you convicted on more than one count or of more than one crime? ☑ Yes ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case:

   Criminal Impersonation 1st°
   Criminal Possession of a Firearm 2nd° (x2)
   Criminal Possession of a Firearm 3rd°
   Criminal Possession of Ammo Feeding Device
   Unauthorized Siren on Vehicle (VTL)
   Unauthorized Lights on Vehicle (VTL)

6. (a) What was your plea? (Check one)

   ☑ (1) Not guilty        ☐ (3) Nolo contendere (no contest)
   ☐ (2) Guilty            ☐ (4) Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?   _Not Guilty, All._

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury      ☐ Judge only

7.  Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes      ☑ No

8.  Did you appeal from the judgment of conviction?

☑ Yes      ☐ No

9.  If you did appeal, answer the following:

(a) Name of court:   ✱ _Appellate Division_ ~~Supreme Court of the State of New York~~, Second Judicial Dept.

(b) Docket or case number (if you know):   _2026 - 02489_

(c) Result:   _PENDING : (Awaiting Counsel Appointment)_

(d) Date of result (if you know):   _N/A_

(e) Citation to the case (if you know):   _N/A_

(f) Grounds raised:   _Notice of Appeal Filed, Appeal in Trial Court DENIED, In trial court ; Ineffective Assistance of Counsel at the Evidence Suppression hearing, Police Misconduct,_

(g) Did you seek further review by a higher state court?      ☐ Yes      ☑ No

If yes, answer the following:

(1) Name of court:   _N/A_

(2) Docket or case number (if you know):   _N/A_

(3) Result:   _N/A_

✱ AND: Nassau County Supreme Court

(4) Date of result (if you know): __N/A__

(5) Citation to the case (if you know): __N/A__

(6) Grounds raised: __N/A__

\* I inquired in regards to such writ and my lawyer went silent. Now I'm informed. However — Is it too late?

(h) Did you file a petition for certiorari in the United States Supreme Court? ☐ Yes ☑ No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10.  Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? ☑ Yes ☐ No

11.  If your answer to Question 10 was "Yes," give the following information:

(a)  (1) Name of court: __Appellate Division, Supreme Court of the State of New York__

(2) Docket or case number (if you know): __2025 - 03431__

(3) Date of filing (if you know): __5/21/24__

(4) Nature of the proceeding: __Interlocutory Appeal__

(5) Grounds raised: __Evidence Supp. hearing was unfavorable to Defendant due to Attorney Adam C. Neal having told the A.D.A. that he already gave up, OR that he would just be ineffective assistance if said hearing was unfavorable. Mr. Neal didn't even follow leads that an ameture attorney would recognize. Such as inconsistencies in testimony and a specific history of Unlawful Searches and Retaliatory Ticketing during minor VTL stops.__

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☑ No

(7) Result: __Interlocutory Appeals ONLY for Prosecution.__

(8) Date of result (if you know): _____

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court: Supreme Court of the State of New York, County of Nassau

    (2) Docket or case number (if you know): ▮▮▮ (A.R.D) 72743-23/001

    (3) Date of filing (if you know): ▮▮▮ Not Known

    (4) Nature of the proceeding: 330.30 (Set Aside Verdict)

    (5) Grounds raised: Ineffective Counsel, Police Misconduct, Unlawful search,

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☑ Yes    ☐ No

(7) Result: DENIED

(8) Date of result (if you know): Not known

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Date of filing (if you know): _____

    (4) Nature of the proceeding: _____

    (5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☐ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    ☐ Yes    ☑ No

(2) Second petition:    ☐ Yes    ☑ No

(3) Third petition:    ☐ Yes    ☑ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

The State of NY OAG found P.O. Brian Nadel violated 4th amendment protections. NCPD promoted P.O. Nadel to Detective. NYS was unable to recommend (See Exhibit: C)

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

GROUND ONE:    My 4th Amendment Rights were violated by an officer known by OAG-LEMIO to violate individuals Rights to privacy (P.O. Nadel)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

P.O. Nadel violated my rights by searching my automobile without ANY probable cause, reasonable suspicion or permission. After removing the occupants (Andrew R. Denton and Andie L. Denton [ex-wife]) I and my wife were frisked with "negative results". Immediately after the frisk, P.O. Nadel recovers an unloaded flare launcher, brings it to his RMP, goes back to my car and begins his exploratory search.

(b) If you did not exhaust your state remedies on Ground One, explain why:

The officer is a KNOWN violator of constitutional protections and was unable to be punished under NYS Law. NCPD promoted him to Detective, regardless of the misconduct. Also, after My arrest... The Unit (C.O.P.E.) he worked with was disbanded. I've been retaliated against several times by this Local Bully Govt. I doubt the unlawful activity will continue if the Federal Government takes notice.

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☑ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

**(d) Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: __330.30 (Set Aside Trial Verdict)__

Name and location of the court where the motion or petition was filed: __Supreme Court of the__ __State of New York, County of Nassau__

Docket or case number (if you know): __72743-23 | 001__

Date of the court's decision: __Not known due to loss of Legal work__

Result (attach a copy of the court's opinion or order, if available): __Denied in full__ __(copy unavailable, legal work destroyed)__

(3) Did you receive a hearing on your motion or petition? ☑ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

__Again, I consulted my lawyer but he remained silent and observed me without answering my question(s). My lawyer obstructed me from making an informed, intelligent decision.__

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: I wrote OAG·LEMIO , I reported P.O. Nadel to OAG , ~~I filed a Civil~~ Filing State Habeus Corpus Currently.

**GROUND TWO:** Prosecutorial Misconduct

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The basis for the Probable Cause P.O. Nadel claimed was a rail-mounting flashlight that he didn't even question me on BWC footage about ; Wasn't even vouchered as evidence and was used on perfectly legal products (Like the T4E $CO_2$ Glock 17) which is NOT a firearm. The A.D.A. redacted the non-firearm, left the flashlight and left a Delta Airlines "Unloaded Firearm" Orange Ticket , Selectively redacting something that would show exculpatory information.

(b) If you did not exhaust your state remedies on Ground Two, explain why: I truly believe Nassau County doesn't face consequences for continuously violating individuals Civil Rights. Nassau County Executive Bruce Blakeman is running for governor of NY and he quoted : ".., We will do whatever it takes to..." (see exhibit ▮ ) E

(A.R.D)

(c)     **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes   ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: My second lawyer ; William Kephart did not raise this issue although I brought it up. This was a mistake amplified by being uninformed.

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

Wasn't informed ; Now I am and I'm compiling the State and Federal Habeus Corpus.

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two : I filed a D.A. complaint form, I filed an interlocutory appeal , I requested a De Novo Suppression Hearing but was ultimately denied in full.

**GROUND THREE:** Judicial Misconduct

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Judge Tammy Robbins presided over the trial. On either day 1 or day 2 of Jury Selection ... Judge Robbins had to move to Judge Berkowitz's courtroom due to the temperature. Upon entering Judge Robbins courtroom (After the decision to move) Judge Berkowitz entered and approached Judge Robbins. Judge Berkowitz whispered in Judge Robbins ear and both Judges looked up at your petitioner with a scowl. Judge Berkowitz sentenced me to 10 years previously — on insufficient evidence and improper juror instruction. Appeal Granted ; Modification Ordered.

(b) If you did not exhaust your state remedies on Ground Three, explain why: Because When an Actual New York State Court Judge engages in questionable behavior - I become concerned about what's going to happen to me.

(c)     **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes     ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: My lawyer wouldn't bring it up on the record. ▆

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes     ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(3) Did you receive a hearing on your motion or petition?     ☐ Yes     ☐ No

(4) Did you appeal from the denial of your motion or petition?     ☐ Yes     ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ☐ Yes     ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_Because I'm sincerely intimidated by Public Officials who work together and use their Governmental positions to make unlawful decisions, etc._

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _Filed complaint with New York State Comission on Judicial Conduct detailing the allegations as I did here. (Previously). Currently filing Habeas Corpus._

GROUND FOUR: _The Police Falsely Arrested me and fabricated evidence._

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_When I was driving on 135 (Southbound) approaching the Eastbound exit for Sunrise Highway, slowing down to make the 270° turn a Black Nissan Rogue was very-quickly riding on my bumper. I activated a "Traffic Advisor" light bar (Rear-facing) in A/W/B for about 1-2 seconds. This was to advise the vehicle behind me it was too close as I was slowing down quickly from 70mph (135 is an expressway). Upon making the exit and getting onto Sunrise Highway. (See Exhibit A^F )_

(b) If you did not exhaust your state remedies on Ground Four, explain why: _I only just found this out 5/7/26, told Law Library Officers and asked for this Habeas Corpus I told the Law Library Officers everything. They immediately activated [SERT] = SWAT Team and took me from Law Library by order of the Sheriff to be on camera 24/7. I'm terrified right now._

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: _I only discovered the Nadel | Sililpo Connection within the last 2 days._

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

I had no chance being that this information came into my possession after sentencing — However I am filing both State and Federal Habeus Corpus petitions and attempting to get in contact with the FBI and the NY OAG OSI

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: I called my Dad to try and get him to "make as big a mess of this as you can." I'm trying to get in contact with the F.B.I. to create a report and begin an investigation. I took a statement (Declaration) from an individual who knows Nadel and the Sililpo's. Currently compiling Habeus Corpus; Anticipate filing within 1-3 week(s).

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ☐ Yes ☑ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: The Nadel / Sililpo connection. Sililpo has friends in the 7th Precinct and in NYSDOCCS where he allegedly had an issue. With an individual calling his daughter from a prison individual alleges Sililpo had a weapon planted in his "cube".

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

The Nadel / Sililpo connection and my lawyer not performing how I request him to. Evidence is brand new and my lawyer still represents me on 2 cases.

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☑ Yes ☐ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. United States District Court for the Eastern District of New York. 100 Federal Plaza, Central Islip, N.Y. 11722. 24-CV-02313 (SJB) (JMW). Civil Rights Action. 12/1/25 Stayed. Awaiting outcome of State Proceedings. [Document included] ID - 2:24-cv-02313-SJB-JMW, Document 58, Filed 12/01/25, PageID 296-300.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☑ Yes ☐ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. Appellate Division, Supreme Court of the State of New York, Second Judicial Department, 45 Monroe Place, Brooklyn, N.Y. 11201 App. Div. Docket No.: 2026-02489 Appointment of Counsel to pursue appeal. Also: USC, EDNY 100 Federal Plaza, Central Islip, N.Y. 11722 Case: 24-CV-2313 (SJB) (JMW). Civil Rights Action. Unlawful search & seizure & arrest, Police Misconduct, Lack of training, Prosecutorial Misconduct, Judicial Misconduct.

16.  Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:   Adam C. Neal

170 Old Country Rd., Mineola, N.Y. 11501

(b) At arraignment and plea: (A.R.D.) Adam C. Neal (A.R.D)

170 Old Country Rd. (Not known further), Mineola, N.Y. 11501

(c) At trial:   William Kephart

666 Old Country Rd., Garden City, N.Y. (Zip Uncertain)

(d) At sentencing:   William Kephart

666 Old Country Rd., Garden City, N.Y. (Zip uncertain)

(e) On appeal:   * Not Yet Decided / Assigned *

(f) In any post-conviction proceeding:   William Kephart

666 Old Country Rd., Garden City, N.Y. (Zip Uncertain).

(g) On appeal from any ruling against you in a post-conviction proceeding:   William Kephart

666 Old Country Rd., Garden City, N.Y. (Zip uncertain)

17.  Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     ☐ Yes   ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?     ☐ Yes   ☒ No

18.  TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Not over one-year Statute of limitation.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: Full dismissal of ALL CHARGES in IND. NO. 72743-23/001 against Andrew R. Denton (Raymond) ■ (A.R.D.)

or any other relief to which petitioner may be entitled.

_____
**Signature of Attorney (if any)**

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on May 20th, 2026 (month, date, year).

Executed (signed) on _____ (date). 5/20/26

_____
**Signature of Petitioner**

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

_____

_____



F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 22 2026 ★

LONG ISLAND OFFICE

## Petition for Relief From a Conviction or Sentence
## By a Person in State Custody

(Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

RECEIVED
MAY 22 2026
EDNY PRO SE OFFICE

### Instructions

1. To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court. You are asking for relief from the conviction or the sentence. This form is your petition for relief.

2. You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit any legal arguments, you must submit them in a separate memorandum. Be aware that any such memorandum may be subject to page limits set forth in the local rules of the court where you file this petition.

6. You must pay a fee of $5. If the fee is paid, your petition will be filed. If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you. If your account exceeds $ 5.01 , you must pay the filing fee.

7. In this petition, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8. When you have completed the form, send the original and (x) 2 copies to the Clerk of the United States District Court at this address:

Clerk, United States District Court for
Address
City, State Zip Code

If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

9. **CAUTION: You must include in this petition all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

10. **CAPITAL CASES: If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.**